**LOCKHEED AIRCRAFT CORPORATION**

v.

**UNITED STATES.**

No. 344–57.

United States Court of Claims
May 7, 1958.

Thomas L. Caps, Covina, Cal., Joseph D. Brady, Walter L. Nossaman, and Charles M. Walker, Los Angeles, Cal., on the brief, for plaintiff.

H. S. Larsen, Washington, D. C., with whom was Charles K. Rice, Asst. Atty. Gen., James P. Garland, Washington, D. C., on the brief, for defendant.

WHITAKER, Judge.

██ On December 23, 1955, plaintiff filed claims for refund of income tax alleged to have been erroneously assessed and collected for the years 1948 and 1949. The amount claimed for 1948 was $757,217.45, and the amount claimed for 1949 was $1,049,617.91. These claims were rejected. Whereupon, this suit was brought. In its petition plaintiff admits that the amount claimed was overstated in the amount of $175,763.32. It, therefore, sues for the total sum of $1,631,072.04.

The case is before us on plaintiff's motion for summary judgment.

The case is in all respects parallel to the case of National Forge & Ordnance Co., v. United States, Ct.Cl., 151 F.Supp. 937.

In the year 1946 plaintiff sustained a net operating loss, a portion of which it seeks to apply against its net income for 1948. It alleges that this net operating loss must first be applied against the net income for 1944, reduced by the excess profits taxes for that year. The balance is then to be applied against the net income for 1945, also reduced by the excess profits taxes for that year. Any remaining balance is to be applied against the year 1948, since plaintiff also sustained a net loss in the year 1947.

Plaintiff also says that it is entitled to deduct the entire net operating loss for the taxable year 1947 from the net income for the year 1949, since the 1946 loss had already been applied against 1945 income, and there had been a net loss in 1946.

Plaintiff also says that it paid interest of $1,806.42 on the installment payments due on March 15, 1950, and June 15, 1950,

on account of plaintiff's income tax liability for 1949, under the mistaken belief that under the law the amounts paid on those dates were underpayments of the amount due; whereas, said payments were in excess of the amount required by law to be paid. Its right to the refund of this interest depends upon its right to apply the net operating loss for 1947 to its income tax liability for 1949.

It will thus be seen that the facts in the case at bar are in all respects parallel to the facts in National Forge & Ordnance Co. v. United States, supra. Both parties admit that they are. In that case the Government asked us to treat as income the amount of taxes refunded for a prior year on account of the deduction from the income of that year of the carryback of a loss sustained in a subsequent year. This was on the theory that the taxpayer had received a tax benefit on account of the deduction in the prior year. This is the Government's position in the present case.

The Government asks us to reconsider our decision in the National Forge & Ordnance Company case. We have done so, but we see no reason to change the decision therein rendered. The correctness of our decision in that case is fortified by the decision of the 3rd Circuit Court of Appeals in the case of Budd Company v. United States, 252 F.2d 456, decided November 27, 1957; CCH 57–2 USTC § 10,051, as well as by the decision of the District Court in the same case, 148 F.Supp. 792; CCH 57–1 USTC, § 9431.

The Court of Appeals was influenced in its decision, as we were, by the following language of the Supreme Court in Lewyt Corp v. Commissioner, 349 U.S. 237, 240, 75 S.Ct. 736, 739, 99 L.Ed. 1029:

"But the rule that general equitable considerations do not control the measure of deductions or tax benefits cuts both ways. It is as applicable to the Government as to the taxpayer. Congress may be strict or lavish in its allowance of deduc-

tions or tax benefits. The formula it writes may be arbitrary and harsh in its applications. But where the benefit claimed by the taxpayer is fairly within the statutory language and the construction sought is in harmony with the statute as an organic whole, the benefits will not be withheld from the taxpayer though they represent an unexpected windfall."

There being no dispute as to any material fact, and since we are of the opinion that plaintiff is entitled to recover, its motion for summary judgment will be granted, and judgment will be entered in favor of the plaintiff and against the United States in the aggregate amount of $1,632,878.46, plus interest as provided by law.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN, and LITTLETON, Judges, concur.