**TODD SHIPYARDS CORP.**
v.
**UNITED STATES.**
No. 288–57.

United States Court of Claims
May 7, 1958.

M. Bernard Aidinoff, New York City, Norris Darrell and Sullivan & Cromwell, New York City, on the briefs, for plaintiff.

Elizabeth B. Davis, Washington, D. C., with whom was Charles K. Rice, Asst.

Atty. Gen., James P. Garland, Washington, D. C., on the brief, for defendant.

LARAMORE, Judge.

This is a suit for refund of income and excess profits tax for the year 1945 and also for a refund of interest on a deficiency in excess profits tax for the same year.

Plaintiff an accrual basis taxpayer suffered a net operating loss in 1946 and seeks a determination as to the amount, if any, of this 1946 loss that is available as a net operating loss carryback to 1945 after the same loss has already been carried back and used as a deduction against 1944 income. This case involves a determination of the correct adjustment to be made to the net income of 1944 as required by section 122(d) (6) of the Internal Revenue Code of 1939, as added by Revenue Act 1942, § 105(e) (3), 26 U.S.C.A. Int.Rev.Acts and presents no issues significantly different from those disposed of favorably to the plaintiffs in Continental Foundry & Machine Company v. United States, Ct.Cl., 159 F.Supp. 608, and National Forge & Ordnance Co. v. United States, Ct.Cl., 151 F.Supp. 937.

In Continental Foundry we held that under the Supreme Court's decision in Lewyt Corp. v. Commissioner, 349 U.S. 237, 75 S.Ct. 736, 99 L.Ed. 1029, an accrual basis taxpayer was entitled to deduct from its finally determined net income of the second preceding taxable year, from that in which the loss occurred, the amount of excess profits tax properly accrued. Adjustments occurring in a later year by reason of renegotiation of war profits were not to be considered in computing the excess profits tax to be deducted under section 122(d) (6). The excess of the net operating loss over the net income of the second preceding taxable year, after deducting the accrued excess profits tax, was then available as a net operating loss carryback to the first preceding taxable year. In this case 1945 is the first preceding taxable year from the year in which the loss occurred.

The only difference between this case and Continental Foundry is that the adjustment to plaintiff's excess profits tax for the second preceding taxable year came as a result of an increased accelerated amortization deduction rather than renegotiation. However, both cases involved events happening after the tax in question had been accrued. That is all that is necessary to meet the test laid down by the Supreme Court in Lewyt Corp., supra. Here the increased accelerated amortization deduction became available only after the President of the United States terminated the "emergency period" late in 1945. After this plaintiff filed an application and was allowed an increased deduction for accelerated amortization of its emergency facilities. This resulted in a refund of excess profits tax accrued for 1944. Under the decisions of the Supreme Court and this court a section 122(d) (6) deduction may not be reduced by the amount of the refund. This is so even though the net income from which the section 122(d) (6) deduction is made *does* reflect the adjustment. It necessarily follows that plaintiff in determining its net operating loss carryback to 1945 may deduct from it finally determined net income for 1944 the amount of excess profits tax accrued notwithstanding the subsequent adjustment created by the allowance of an increased accelerated amortization deduction. The excess of the 1946 net operating loss over the 1944 net income as adjusted is then available as a net operating loss carryback to 1945.

The Government's affirmative defense claiming that a "tax benefit" rule should be applied if plaintiff is allowed to recover was raised and determined adversely to the Government in National Forge & Ordnance, supra, Continental Foundry, supra, and Lockheed Aircraft Corp. v. United States, Ct.Cl., 161 F.Supp. 399. See also Budd Company v. United States, 3 Cir., 252 F.2d 456. It would serve no useful purpose to again repeat those contentions. Upon the authority of the above cited cases plaintiff is entitled to recover together with interest as provided by law, and judgment will be entered to that effect. The amount of recovery

will be determined pursuant to Rule 38 (c), 28 U.S.C.A.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER, and LITTLETON, Judges, concur.